# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HENRY DEQUAN RHODES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-cv-00649 |
| ) | Judge Trauger |
| HENRY STEWARD, ) | |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

Pending before the court is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se*, is a prisoner at the Northwest Correctional Facility in Tiptonville, Tennessee.

## I.  Introduction

The petitioner was convicted by jury in 1998 of one count of first degree murder in Wilson County in the perpetration of aggravated child abuse in connection with the death of his girlfriend's sixteen-month-old child. *State v. Henry Dequan Rhodes*, No. M1999–959–CCA–R3–CD, 2000 WL 264327, at *1 (Tenn. Crim. App. Mar. 10, 2000), *perm. app. denied* (Tenn. Oct. 30, 2000). The trial court sentenced him to life imprisonment on March 17, 1998. *Id*.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the judgment of the trial court. (*Id*.) The petitioner's application for permission to appeal was denied by the Tennessee Supreme Court on October 30, 2000. (*Id*.)

On March 16, 2011, the petitioner filed a petition for state post-conviction relief.[1] The post-conviction court summarily dismissed the petition as barred by the statute of limitations and because

---

[1]The petition states that the petitioner has not filed any post-conviction petitions (Docket No. 1 at p. 3) but the court's research revealed that petitioner filed a post-conviction petition in 2011.

the petition "was not based upon a final ruling of an Appellate Court establishing a constitutional right which did not exist at the time of the Supreme Court's final action, nor is it based upon new scientific evidence establishing Petitioner is innocent of the offense." *Rhodes v. State,* 2012 WL 5544423, at *1 (Tenn. Crim. App. Nov. 13, 2012). On appeal, the Tennessee Court of Criminals Appeals affirmed the decision of the post-conviction court. (*Id*. at *7).

The petitioner filed the instant action on May 22, 2013. (Docket No. 1).

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review . . . ." 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations

2

period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III.   Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals at least one potential deficiency with the petitioner's § 2254 petition: the petition is late.

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was October 30, 2000, the date the petitioner's application for permission to appeal was denied by the Tennessee Supreme Court. The petitioner sought state post-conviction relief but not until March 16, 2011. Thus, the AEDPA's one-year limitations period was not tolled by "a properly filed application for State post-conviction or other collateral review." Under these circumstances, the petitioner had until January 29, 2002, to file his petition for *habeas corpus* relief.[2]

The instant petition was received by the court on May 22, 2013.[3] (Docket No. 1). From the record before the court, it appears that the petitioner filed his petition for relief under § 2254 **over ten (10) years** beyond the AEDPA's one-year limitations period. In other words, the petition is

---

[2]On October 31, 2000, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P*. 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, October 30, 2000, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on January 28, 2001. *See Fed. R. Civ. P*. 6(a)(1)(c)(exception applies that, if the last day of time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday; here, January 28, 2001, was a Sunday). Thus, the AEDPA's one-year limitations period began on January 30, 2001. *See Fed. R. Civ. P*. 6(a)(1)(a)(requiring that the day of the triggering event be excluded; thus, here, January 29, 2001, is excluded). January 30, 2002 was not a legal holiday, a Saturday or a Sunday.

[3]The petitioner did not include a date on the signature line of his petition. (Docket No. 1 at p. 15).

untimely.

The court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief. *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Accordingly, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed as time-barred.

## IV. Conclusion

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for that reason.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge